UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09CT-3106-BO

DAVID EARL SCOTT

    Plaintiff,

v.

ROBERT BROWN, Individually and in his
Official capacity as a Detention Officer and
Employee of the Robeson County Sheriff's
Department; BEN HARRIS, Individually and
And in his official capacity as a Detention Officer
and Employee of the Robeson County Sheriff's
Department; BOBBY RAY SAMPSON,
Individually and in his official capacity as a
Detention Officer and Employee of the
Robeson County Sheriff's Department;
CHARLIE REVELS, Individually and in his
official capacity as a Lieutenant and Employee
of the Robeson County Sheriff's Department;
KENNETH SEALEY, in his official capacity as a
Sheriff of Robeson County; THE
ROBESON COUNTY SHERIFF'S
DEPARTMENT, a County agency; and
WESTERN SURETY COMPANY, a surety
company for the Sheriff of Robeson County,

    Defendants.

FILED IN OPEN COURT
ON 6-11-14
Julie A. Richards, Clerk
US District Court
Eastern District of NC

## ORDER

**AND NOW**, this **11** day of June, 2014, upon consideration of the unopposed petition of J.G. Wentworth Originations, LLC ("Wentworth"), the Court hereby finds as follows:

1.    The transfer of the structured settlement proceeds, specifically, monthly payments of $669.08 each, beginning February 1, 2024 and continuing through and

including June 1, 2035 (the "Assigned Payments"), by David Scott a/k/a David Earl Scott a/k/a David E. Scott ("Mr. Scott") to Wentworth as described in the Purchase Contract (the "Purchase Agreement") between Mr. Scott and Wentworth and in the petition in this matter (the "Proposed Transfer") (i) does not contravene any applicable federal or state statute or the order of any court or responsible governmental or administrative authority, and (ii) is fair and reasonable and in the best interest of Mr. Scott, taking into account the welfare and support of Mr. Scott's dependents, if any.

2. Not less than ten (10) days prior to the date on which Mr. Scott first incurred any obligation with respect to the Proposed Transfer, Wentworth provided to Mr. Scott a separate disclosure statement in accordance with the requirements of N.C. Gen. Stat. § 1-543.12(2).

3. Mr. Scott has received independent professional advice regarding the legal, tax, and financial implications of the Proposed Transfer.

4. Notice of the Proposed Transfer and the application for its approval were timely filed and served upon all interested parties, including The Prudential Assigned Settlement Services Corp. ("PASSCorp"), The Prudential Insurance Company of America ("Prudential") (PASSCorp and Prudential are referred to collectively herein as "Insurers"), in accordance with the requirements of N.C. Gen. Stat. § 1-543.14(c).

5. The discount rate used in determining the net amount payable to Mr. Scott, as provided in the disclosure statement, does not exceed an annual percentage rate of prime plus five percentage points calculated as if the net amount payable to Mr. Scott was the principal of a consumer loan made by Wentworth to Mr. Scott, and if the structured

settlement payments to be transferred to Wentworth were Mr. Scott's payments of principal plus interest on such loan.

6. Any brokers' commissions, service charges, application fees, processing fees, closing costs, filing fees, administrative fees, and other commissions, fees, costs, expenses, and charges payable by Mr. Scott or deductible from the gross amount otherwise payable to Mr. Scott do not exceed two percent (2%) of the net amount payable to his.

7. Wentworth has given written notice of its name, address, and taxpayer identification number to Insurers and has filed a copy of the notice with this Court.

8. The Proposed Transfer complies with the requirements of N.C. Gen. Stat. § 1-543.10 *et seq.*, and 26 U.S.C. § 5981, and will not contravene other applicable law.

9. The consideration for the Proposed Transfer, namely the sum of $27,661.14, is fair and reasonable in exchange for the structured settlement payments described herein.

10. Notwithstanding a provision of the structured settlement payment agreement prohibiting an assignment by Mr. Scott, the court may order a transfer of periodic payment rights provided the court finds the provisions of the NC SSPA are satisfied.

Based upon the foregoing findings, IT IS HEREBY ORDERED that:

1. Pursuant to N.C. Gen. Stat. §1-543.12, the Proposed Transfer is approved. Until the due date of the last Assigned Payment, the designated beneficiary under the annuity contract number SGQ000018577 shall be the Estate of Mr. Scott. Mr. Scott shall not further change his beneficiary prior to the due date of the last Assigned Payment. However, Wentworth shall be entitled to receive the Assigned Payments even in the

event of Mr. Scott's death, and Mr. Scott understands he is giving up his rights, and the rights of his heirs, successors and/or beneficiaries, to the Assigned Payments.

2. Prudential shall forward the Assigned Payments, within 7 days of the date due, to Wentworth, by check made payable to "**J.G. Wentworth Originations, LLC,**" at **P.O. Box 83364, Woburn, MA 01813-3364** (the "Designated Address"):

- monthly payments of $669.08 each, beginning February 1, 2024 and continuing through and including June 1, 2035 .

3. In the event Wentworth further assigns or otherwise transfers the Assigned Payments (or any portion thereof or interest therein) to another person or entity (a "Reassignment"), Insurers will not be obligated to redirect the Assigned Payments (or any portion thereof) to any such person or entity other than Wentworth or to any payment address other than specified herein and Wentworth shall remain obligated to comply with the terms and conditions herein. However, if Wentworth moves, or later merges with or is acquired by another entity, or its designated payment address is no longer viable for reasons beyond its control, Insurers agree to make payment to the new entity or new payment address upon the timely submission by Wentworth of a written notice to Insurers confirming that such event has occurred and specifying the new entity and/or payment address. Notwithstanding the foregoing, the parties' stipulation (the "Stipulation") will remain binding and fully enforceable against Wentworth.

4. All remaining Periodic Payments (and/or portions thereof), if any, that are not the subject of the Proposed Transfer and not previously assigned shall be made payable to Mr. Scott and will be forwarded by Prudential, as they become due, to Mr. Scott's most recent known address or any payment address designated by Mr. Scott, subject to the consent of Insurers.

5. Wentworth shall defend, indemnify, and hold harmless Insurers and their respective directors, shareholders, officers, agents, employees, servants, successors, and assigns, and any parent, subsidiary, or affiliate thereof, and their directors, shareholders, officers, agents, employees, servants, successors, and assigns, past and present, from and against any and all liability, including but not limited to costs and reasonable attorney's fees, for any and all claims made in connection with, related to, or arising out of the Purchase Agreement, the Proposed Transfer, the Assigned Payments, any Reassignment, or Insurers' compliance with the parties' Stipulation or this Order, except with respect to claims by Wentworth against Insurers to enforce Insurers' obligations to Wentworth under the parties' Stipulation. To the extent Wentworth fails to honor this indemnification and defense obligation, Insurers may, in addition to all other remedies afforded by law, satisfy the same by withholding to their own credit the Assigned Payments.

6. Insurers' lack of opposition to this matter, or its or the other parties' stipulation hereto or compliance herewith, shall not constitute evidence in this or any other matter, and is not intended to constitute evidence in this or any other matter, that:

    a. payments under a structured settlement contract or annuity or related contracts can be assigned or that "anti-assignment" or "anti-encumbrance" provisions in structured settlement contracts or annuities or related contracts are not valid and enforceable; or

    b. other transactions entered into by Wentworth and its customers constitute valid sales and/or secured transactions; or

    c. Insurers have waived any right in connection with any other litigation or claims; or

    d. Wentworth has waived any right other than as expressly set forth in the parties' Stipulation and/or this Order.

7. For good and valuable consideration, and intending to be legally bound hereby, Wentworth and Mr. Scott, for themselves and for their respective shareholders, officers, agents, employees, servants, successors, heirs, beneficiaries, contingent beneficiaries, executors, administrators, and assigns, and any parent, subsidiary, or affiliate thereof, and their directors, shareholders, officers, agents, employees, servants, successors and assigns, past and present (the "Releasors"), hereby remise, release and forever discharge Insurers, and their respective directors, shareholders, officers, agents, employees, servants, successors, and assigns, and any parent, subsidiary, or affiliate thereof, and their directors, shareholders, officers, agents, employees, servants, successors and assigns, past and present (the "Insurers Releasees"), of and from any and all manner of actions and causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, settlements, damages, claims, and demands whatsoever, in law or in equity, in connection with, related to, or arising out of, any claim or allegation that was or could have been asserted in connection with, related to, or arising out of the Purchase Agreement, the Assigned Payments, the Proposed Transfer, or the parties' stipulation, which the Releasors have or had from the beginning of the world through the date of this Order, except for claims of Releasors against the Insurers Releasees to enforce the Insurers Releasees' obligations to Releasors, if any, under the parties' Stipulation or this Order.

8. This Order shall constitute a final "Qualified Order" within the meaning of 26 U.S.C. § 5891.

DONE IN OPEN COURT this __11__ day of June, 2014.

*Terrence W. Boyle*
The Honorable Terrence W. Boyle Presiding

ACTIVE/ 75588740.1
Case 5:09-ct-03106-BO   Document 47   Filed 06/12/14   Page 6 of 6